W. H. FOSTER v. THE STATE.

No. 15363. Delivered June 24, 1932.
Rehearing Denied October 12, 1932.
Reported in 53 S. W. (2d) 54.

500

The opinion states the case.

*Bert Edw. Derden,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment twenty years in the penitentiary.

Mrs. Vallie Smith, a young and comparatively uneducated and ignorant widow, in destitute circumstances, put an ad in the paper asking for some kind of employment. It was answered by appellant, and in response thereto she came to work in appellant's home for her board and keep.

At a time only a little over a month after she came, appellant is charged with having ravished her. Her testimony made out a complete case against him of rape by threats, this being the only method of committing the offense submitted in the charge. The young woman testified, in substance, that by the exhibition of a pistol and threats to kill her appellant forced her to submit to his desires. Appellant's wife and daughter had left the place, which was located out in the country, the day preceding the night of the alleged assault, and no one was on the premises save appellant and prosecutrix. She reported the occurrence, and was examined by two doctors who testified that she was bruised in various places on her body. The testimony showed that her husband had been dead about a year, and that she had no one to whom she could look for support, and that she was a comparative stranger in the community. Appellant did not testify. He introduced his wife and daughter who testified.

Bills of exception A to G inclusive complain of argument of the prosecuting attorney. We regret to pass by bills of exception without discussion, but manifestly complaint of a statement by the state's attorney that "Her mother and his daughter knew she should not stay there"; that appellant has a beastly desire in his heart for womanhood; that this young lady has the mentality of a 12 year old girl; mature judgment, this woman does not have it,—as set out in the first four of said bills—cannot be appraised by us in the absence of facts set out in such bills from which we might be able to determine the merits of the objections, or the possible harmful character of the argument. Mere statements of grounds of objection are not certificates of fact, and we are always compelled to hold such bills of exception without merit. The jury saw and heard prosecutrix testify, and heard appellant's wife and daughter describe her conduct, and the remarks complained of in said bills, as far as we can tell, were fair discussions of what had been thus seen and heard by the jury.

The arguments set out in bills of exception H, I and J are complained of as comments on the failure of the defendant to testify, to-wit: "If you try to view this from defendant's standpoint you run into a brick wall as to his defense"; "Where is there a defense in this case? I thought they would show she tried to get some money out of him but they didn't"; "There is no evidence in here as a defense that she wanted any money. No evidence that she knew he owned the farm down there." There were witnesses who took the stand in behalf of appellant, and a number of witnesses who testified for the state. In considering complaints such as those last referred to, we uniformly decline to hold them references to the failure of the defendant to testify, unless the language used or the circumstances be such as that from said language or circumstances there must arise the necessary inference that same called attention to the failure of the accused to take the stand. We do not think that such a situation is here presented. To say that one runs into a brick wall as to

what is the defense in a given case, is no more than to say that, when you look at the testimony from a defensive standpoint, it presents nothing upon which a defense to the charge could be predicated.

There was no evidence of consent on the part of prosecutrix to the assault, and no error in refusing special charges seeking to have a defense based on such theory submitted to the jury.

Appellant's bill of exception No. 1 complains of the failure of the court to apply the doctrine of reasonable doubt directly to the question of penetration. As we understand paragraph four of the court's charge, it made such direct application.

Bill of exception No. 2 complains of the fact that the state asked prosecutrix if she was raised on a farm, and how long she had been to school. She answered that she was raised on a farm, and that she had been to school but six years. We fail to see any erroneous element in this. Bill of exception No. 3 complains of the refusal of a special charge based on the proposition that the intercourse was with consent. As above stated, there was no testimony supporting such idea.

Bill of exception No. 4 complained of refusal to charge that, it from the acts and conduct of Mrs. Smith appellant was induced to believe that she would consent to have intercourse with him, and if this caused him to so believe, and if so believing he had intercourse with her, he should be found not guilty. Manifestly as a purportedly correct legal proposition this would have no place in the instructions given the jury.

Bill of exception No. 5 complains of the admission of testimony showing in effect that prosecutrix had no friends in the community, or relatives or persons to whom she could go with complaint of such treatment as that accorded her by appellant. In a case like this such testimony is competent. The young woman had testified that appellant tried to have intercourse with her on a previous occasion without success, and she had admitted that she did not tell his wife or daughter of such conduct and did not leave the place.

Bill of exception No. 6 sets out a number of objections that were made to the introduction in evidence of a dress. There is nothing in the bill of exception from which we might get information that would lead us to believe the testimony inadmissible. The setting out of a number of questions, and the grounds of objection advanced, brings nothing before this court.

Bill of exception No. 7 is to the refusal of a special charge seeking to have the jury told that they could not convict upon any other act than the one as of the date alleged in the indictment. The record is bare of any testimony supporting the idea that there was any other act of intercourse save the one involved in the instant case. Bill of exception No. 9 complains of the refusal of a special charge which was entirely covered

by the main charge. There was no testimony supporting the proposition contained in bill of exception No. 8.

In his motion for new trial appellant alleged misconduct of the jury, in that they had arrived at their verdict by lot; that is, that they had agreed among themselves that each juryman should set down on a piece of paper the penalty which he thought should be inflicted, and that these figures should be added or totaled, and that their verdict would be the quotient obtained by dividing this aggregate by twelve. He supported his averment by the affidavits of a number of the jurors. When the motion was presented the court heard the testimony of all the jurors, who were unanimous in their denial that such were the facts, and the motion was properly overruled.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains in his motion for rehearing—which covers eighteen pages closely typewritten—that we were in error in our original opinion upon practically every conclusion stated. We have carefully examined his motion and the numerous authorities cited therein. Such authorities unquestionably announce correct rules of law, but their application in the present case is not thought pertinent. In our original opinion all of appellant's bills of exception were given consideration. However, in view of the motion now before us, they have been scrutinized again to ascertain if any matter had been overlooked which would lead to a conclusion different from that already expressed. After mature deliberation the opinion still remains that nothing appears from the record which justifies this court in disturbing the verdict.

The motion for rehearing is overruled.

*Overruled.*